OPINION
{¶ 1} Plaintiff-appellant Colelli Associates, Inc. appeals from the February 8, 2002, Judgment Entry of the Tuscarawas County Court of Common Pleas granting summary judgment to defendant-appellee The Cincinnati Insurance Company.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On June 4, 2001, appellant Colelli Associates, Inc. filed a complaint against appellee The Cincinnati Insurance Company and "John Doe No. 1 (true current identity and address unknown)" in the Tuscarawas County Court of Common Pleas. Appellant, in its complaint, set forth claims for breach of contract and bad faith. Appellant, in its complaint, stated in paragraph 4 as follows:
 {¶ 3} "4. At all times relevant hereto, Defendant John Doe No. 1 was believed to be an [sic] organized and existing under the laws of the State of Ohio with its principal place of business located in Ohio. The Defendant John Doe is believed to be licensed to engage in the insurance business in the State of Ohio and regularly transacts business in Tuscarawas County, Ohio. To date the true current name and address of John Doe No. 1 are undetermined. Following reasonable inspection and investigation, Plaintiff could not discover the identity of Defendant John Doe No. 1. But for the inability of Plaintiff to discover the identity of Defendant John Doe No. 1, this action would be brought against it in their proper, true, and exact name, identity and capacity. Upon determination of the true name and address of John Doe No. 1 an amended pleading will be filed. Defendant John Doe No. 1, presently unidentified, will in no way be prejudiced in the maintenance of their defense on the merits within the meaning of Rule 15."
 {¶ 4} Appellee The Cincinnati Insurance Company, on June 25, 2002, filed an answer and counterclaim to which appellant filed an answer on July 16, 2001. In addition, a letter dated July 12, 2001, from appellant's counsel to the Tuscarawas County Clerk of Courts was filed with the trial court on July 16, 2001, stating as follows:
 {¶ 5} "Please find enclosed an original and one (1) copy(ies) of the Notice of Dismissal Pursuant to Rule 41(A), relative to the above-referenced matter. Would you kindly accept this for filing and return an extra copy(ies) in the enclosed self addressed stamped envelope."
 {¶ 6} However, no notice of dismissal appears in either the file or on the case docket.
 {¶ 7} Thereafter, on July 23, 2001, appellee The Cincinnati Insurance Company filed a Motion for Summary Judgment. As memorialized in a Judgment Entry filed on February 8, 2002, the trial court granted appellee's Motion for Summary Judgment. The trial court's February 8, 2002, Judgment Entry did not contain Civ.R. 54(B) language.
 {¶ 8} It is from the trial court's February 8, 2002, Judgment Entry that appellant now appeals, raising the following assignments of error:
 {¶ 9} "I. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT FOR APPELLEE SINCE THE BREACH OF CONTRACT AND BAD FAITH CLAIMS ARE NOT COMPULSORY CLAIMS TO THE DECLARATORY RELIEF ACTION.
 {¶ 10} "II. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT FOR APPELLEE SINCE GENUINE ISSUES OF MATERIAL FACT EXIST AS TO WHETHER THE LIMITED RELEASE BARS PLAINTIFF-APPELLANT'S BAD FAITH CLAIM."
 {¶ 11} Before addressing the merits of appellant's arguments, we note that when jurisdiction appears unclear, a court of appeals should raise issues of jurisdiction sua sponte. In re Estate of Geanangel,147 Ohio App.3d 131, 134, 2002-Ohio-850, 768 N.E.2d 1235. Thus, before considering the merits, we shall consider whether this court has jurisdiction over appellant's appeal.
 {¶ 12} As is stated above, appellant, on June 4, 2001, filed its complaint against both appellee The Cincinnati Insurance Company and John Doe. The record reveals that appellant never identified John Doe in its pleadings or served John Doe with a copy of the complaint. Pursuant to Civ.R. 3(A), "[a] civil action is commenced by filing a complaint with the court, if service is obtained within one year from such filing upon a named defendant, . . . or upon a defendant identified by a fictitious name whose name is later corrected pursuant to Civ.R. 15(D)." In turn, Civ.R. 15(D) states as follows:
 "[w]hen the plaintiff does not know the name of a defendant, that defendant may be designated in a pleading or proceeding by any name and description. When the name is discovered, the pleading or proceeding must be amended accordingly. The plaintiff, in such case, must aver in the complaint the fact that he could not discover the name. The summons must contain the words "name unknown," and the copy thereof must be served personally upon the defendant."
 {¶ 13} In the case sub judice, as of the date of the trial court's February 8, 2002, Judgment Entry granting summary judgment to appellee, service had not been perfected on "John Doe." In fact, as of such date, the one year for obtaining service of the complaint on "John Doe" pursuant to Civ.R. 3(A) had not yet passed.
 {¶ 14} As noted by the court in Ramos v. Ruffin (Dec. 23, 1998), Lorain App. No. 97CA006925:
 {¶ 15} "Ohio appellate courts are split as to whether an order granting summary judgment to named defendants that does not contain "no just reason for delay" language is a final appealable order when service has not yet been perfected in accordance with Civ.R. 3(A) and Civ.R. 15(D) on "John Doe" defendants. The Tenth District, in Dillard v. Nationwide Beauty School (Dec. 11, 1990), Franklin App. No. 90AP-273, and the Eleventh District, in Zivich v. Mentor Soccer Club, Inc. (Apr. 18, 1997), Lake App. No. 95-L-184, have held that the summary judgment order in those circumstances is a final appealable order. The Fifth District, in Johnson v. Lenox Inn (Aug. 18, 1993), Fairfield App. No. 14-CA-93, unreported, has held that the summary judgment order is not a final order." (Emphasis added).
 {¶ 16} We find, based upon Johnson v. Lenox Inn, supra., that the trial court's February 8, 2002, Judgment Entry, which did not contain Civ.R. 54(B) "no just reason for delay" language, was not a final appealable order.[1]
 {¶ 17} Appellant's appeal is, therefore, dismissed.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the within appeal is dismissed. Costs to appellant.
By Edwards, J., Hoffman, P.J. and Gwin, J. concurs.
[1] In Woodham v. Elyria Memorial Hospital (July 5, 2001), Lorain App. No. 00CA007736, the Ninth District Court of Appeals held that since the appellant "made no amendment pursuant to Civ.R. 15(D) and . . . did not serve "John Doe" and "Jane Doe" with a summons and a copy of the complaint within one year of the filing of the complaint, the action against them was not commenced within the meaning of Civ.R. 3(A)." The court, for such reason, concluded that a judgment granting a directed verdict to the other named parties was a final appealable order. In contrast, in the case sub judice, at the time the trial court filed its February 8, 2002, entry, the one year period for obtaining service on John Doe had yet to expire.
The issue of whether an order granting summary judgment to two named defendants was a final appealable order was also addressed in Collins v. Sabino (Aug. 29, 1997), Trumbull App. No. 96-T-5590. In Collins, the appellants filed a complaint on July 28, 1995, against two named defendants and three unnamed John Doe defendants. The three John Doe defendants were never served with a copy of the summons and complaint. On October 16, 1996, the trial court granted summary judgment to the two named defendants. The Court of Appeals, in its opinion, noted that "[a]lthough there may be an issue of whether this is a final appealable order because the claims against the three John Doe defendants have not been resolved, . . . the judgment entry contained the Civ.R. 54(B) language `no just reason for delay,' rendering [the trial courts October 16, 1996, order] a final appealable order." Id at fn 3.